IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANGELO McCLEARY,            )
                            )
            Petitioner,     )
                            )
v.                          )   Case No. CIV-08-42-M
                            )
JESS T. SUTTER, JR., Warden,)
                            )
            Respondent.[1]  )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the habeas petition has been promptly examined and for the reasons set forth herein, the undersigned recommends that

---

[1] Pursuant to Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, the proper respondent is the state officer having custody of the applicant. Petitioner names as "Respondents" Dr. B. Meyer, a physician at "B.J.C.C." ( Bill Johnson Correctional Center); District Court of Oklahoma County Judges Virgil Black, Russell Hall, Jerry Bass, "Judge Deason" and "Judge Elliott"; Juvenile Judges Nan Patton and Richard Kirby; Former District Attorney Robert H. Macy; Oklahoma County Assistant District Attorneys Susann Carleson and Pat Crawley; employees of the Oklahoma Department of Human Services ("child welfare caseworkers") Vickie Penn, Lewis Ross, Sara Blake, Amy Ryan, Gretchen Vaughn and Ellen Ortega; Oklahoma City Police Officers Kim Kelley, Jim Hoch, James Matthew French, Mike Pribble, and Officers Dillinger, Gulligher, Garbo; Del City police officers Travis Holland and Austin Slatem; Attorneys Kevin McCray, Bill Smith, Vernon Smythe; and Oklahoma Department of Corrections employees Dennis Kilmer, Ken Lively and Audrey Mascarena. The only proper respondent under Rule 2 would be the warden of the Northeastern Oklahoma Correctional Center ("NOCC"), where Petitioner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (stating habeas petition generally names as the respondent only the person who has custody over the inmate)(citing 28 U.S.C. §§ 2242, 2243). Therefore, Jess T. Sutter, Jr., warden of NOCC, is substituted as respondent.

the petition be dismissed without prejudice.

Background

Petitioner states that he is challenging his convictions in three criminal cases in Oklahoma County District Court: Case Nos. CF-2005-2434, CF-2005-4035, and CF-2005-5489.[2] Petition, p. 2 (unpaginated). Petitioner describes the nature of the offenses as "Domestic, C.D.S., Medical Malpractice, Corporal Punishment, Cruel and Unusual Punishment (Child Welfare-Deprived Allegations)." *Id.*[3] According to Petitioner, the terms

---

[2]This Court's records show that on January 25, 2008, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U. S.C. § 2254, challenging these same convictions as well as several prison disciplinary convictions, conditions of confinement and certain state court proceedings resulting in a termination of parental rights. *See McCleary v. Sutter*, Case No. CIV-08-86-M. Judge Doyle W. Argo entered a Report and Recommendation on February 9, 2008, recommending that the habeas petition be dismissed upon filing. [Doc. No. 11 ]. Specifically, it was recommended that Petitioner's claims challenging his convictions be dismissed without prejudice for failure to exhaust. *Id.*, p. 5-6. On April 1, 2008, that Report and Recommendation was adopted and the petition was dismissed upon filing. [Doc. No. 37]. Because the Court did not engage in substantive review of Petitioner's habeas claims, there was no decision on the merits. Accordingly, the present petition is not considered successive for purposes of the AEDPA's gatekeeping provisions, 28 U.S.C. § 2244(b). *See, eg., Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."); *see also McWilliams v. Colo.*, 121 F.3d 573, 575 (10th Cir. 1997).

[3]Petitioner has also filed two civil rights actions pursuant to 42 U.S.C. § 1983, in which he named as defendants many of same individuals listed as "Respondents" in this action: Dr. Meyer, a physician at BJCC; numerous officials of Oklahoma City, Oklahoma County, the Department of Human Services; and certain judges of the Oklahoma courts. In both of those complaints, Petitioner asserted allegations of conspiracy to commit alienation of affection, malicious prosecution, fabrication of cases, abduction, kidnapping of his children and murder of his father. *See McCleary v. Meyer, et al.*, Case No. CIV-07-816-W; *McCleary v. Ryan, et al.*, Case No. CIV-08-626-W. By order dated April 21, 2008, the first complaint was dismissed for failure to state a claim upon which relief can be granted. *McCleary v. Meyer, et al.*, Case No. CIV-07-816-W [Doc. No. 22]. In Case No. CIV-08-626-W, a Report and Recommendation was entered on June 25, 2008, recommending that the complaint be dismissed for failure to state a claim because the action was duplicative of the
(continued...)

of his sentences are "something other than the J and S's." *Id.* Publicly available records clarify the convictions and sentences Petitioner is challenging. The Oklahoma County docket shows that on March 2, 2007, Petitioner was convicted in each of the challenged cases of possession of a controlled dangerous substance (marijuana) after former conviction of a felony. *See* Oklahoma State Courts Network ("OSCN"), available at www.oscn.net, Oklahoma County District Court, Case Nos. CF-2005-2434, CF-2005-4035, and CF-2005-5489 (accessed July 3, 2008). In Case Nos. CF-2005-2434 and CF-2005-4035, Petitioner was sentenced to two concurrent ten-year sentences, suspended except for the first five years, and in Case No. CF-2005-5489 he was sentenced to three and one-half years of imprisonment. *Id.* All sentences were ordered to be served concurrently with each other and with sentences Petitioner received in several misdemeanor cases. *Id.* Petitioner states that he did not directly appeal the convictions and sentences he is challenging. Petition, p. 3. [4] According to Petitioner, he has filed certain post-conviction proceedings in "civil courts" in "N.C., Washington D.C., Mary[land], Western Dist. of Okla., U.S., OK. County Court - Patricia Presley." *Id.*

Petitioner raises the following single ground for relief: "Several grounds for several

---

[3](...continued)
previous § 1983 action. [Doc. No. 7]. Plaintiff has filed an objection in this case and the matter remains pending before the Court.

[4]In explaining why he did not appeal his convictions, Petitioner states "I was under the impression I was to go to a drug program for 4 to 6 months and the rest of 1-5 year to do in, 1-5 year sentence suspended and 3 ½ years the jury gave me w[]ere to run concurrently and upon completion of the program the rest of my sentence was to be suspended. Petition, p. 3.

different cases explained at length in motions for each case & motions." Petition, p. 5. In the portion of the petition requesting information as to whether Petitioner has exhausted his state remedies as to the grounds listed, Petitioner has marked "Not Applicable." *Id.* Petitioner requests (1) "relief of and from Okla. D.O.C., child welfare, malicious prosecutions for myself, wife, & children, with safe passage out of Oklahoma"; (2) "expungement of criminal & juvenile record for myself and family"; (3) "$28.5 million for CIV-07-816 – juvenile & medical & corporal [illegible]" and (4) "prosecution of state, city officials as well as Robert H. Macy for the murder of my father Harry McCleary, Jr." Petition, p. 6.

## ANALYSIS

I. <u>Initial Screening of the Petition</u>

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions upon filing and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." Upon review of the instant habeas petition, the undersigned finds that it is clear from the face of the petition that Petitioner is not entitled to relief, and it is therefore recommended that the petition be dismissed.

    A. <u>Claims for Habeas Relief</u>

Petitioner has not exhausted his available state court remedies with respect to the convictions and sentences he is attempting to challenge in this § 2254 habeas action. An application for habeas relief filed by a state prisoner may not be granted unless it appears

that: 1) the applicant has exhausted his state court remedies; 2) there is an absence of available state corrective process; or 3) circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). In this Circuit, a habeas petitioner may satisfy this requirement by showing either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citation omitted). *See also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (noting that Section 2254 "requires a federal habeas petitioner to provide the state courts with a 'fair opportunity' to apply controlling legal principles to the legal facts bearing upon his constitutional claim") (quoting *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)). Petitioner bears the burden of showing that these remedies have been exhausted. *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).[5]

It is clear from Petitioner's allegations and the attachments to the petition, as updated

---

[5] The undersigned finds that it is proper to raise the issue of exhaustion *sua sponte*. *Odum v. Boone*, 62 F.3d 327, 333 n. 2 (10th Cir. 1995) ("We agree with the magistrate judge's conclusion that a court may raise the defense of nonexhaustion *sua sponte*."); *Darks v. Ward*, No. 96-6086, 1997 WL 346044 *1 (10th Cir. June 24, 1997) (upholding *sua sponte* dismissal because the Oklahoma Court of Criminal Appeals had not yet decided the appeal at the time the habeas petition was filed) (This unpublished decision is cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.).

by publicly available information contained in the Oklahoma State Courts Network in each of the challenged Oklahoma County criminal cases, that Petitioner has failed to exhaust his state court remedies. He concedes in his petition that he did not appeal the convictions and sentences in Case Nos. CF-2005-2434, CF-2005-4035, and CF-2005-5489. Petition, p. 3. Additionally, the district court docket records do not indicate that Plaintiff has sought relief from any of his convictions, such as an appeal out of time, or other collateral relief through the Oklahoma Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080-1088.

Thus, Petitioner has not "fairly presented" the substance of any constitutional claim attacking the validity of his convictions and sentences to the Oklahoma courts. Accordingly, to the extent the petition attacks Petitioner's criminal felony convictions and sentences, it is unexhausted and should be dismissed without prejudice to refiling following exhaustion of state remedies.[6]

---

[6] It would be premature to address the issue of whether the instant petition is timely filed in this Court under 28 U.S.C. §2244(d)(1). The one-year limitation period for a petition for a writ of habeas corpus generally begins to run on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). This "limitations period generally runs from the date on which the state judgment became final after direct appeal, *see* 28 U.S.C. § 2244(d)(1)(A)." *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir.2001). Under Oklahoma law, if Petitioner can prove that he was denied an appeal from his convictions through no fault of his own, he may be granted leave to appeal the convictions out of time. Okla. Stat. Ann., tit. 22, Ch. 18, App., Rule 2.1(E). "If ... th[is] procedure is pursued 'in a direct appeal' and granted by the Oklahoma Court of Criminal Appeals, the criminal defendant is essentially placed in the same procedural posture as if he had timely pursued a direct appeal from his convictions and sentences." *Orange v. Calbone*, 318 F.3d 1167, 1171 (10th Cir. 2003). This "appeal out of time" procedure is thus "considered part of the direct appeal process under Oklahoma law." *Id.* at 1170-1171. "[I]n the event that an application to file a direct appeal out of time is granted by the Oklahoma courts . . . the out-of-time appeal [will] be treated as part of the 'direct review' process for purposes of § 2244(d)(1)(A)" and will restart the one-year period of limitations for the filing of a federal habeas petition. *Id.* at 1173. However, "in the more typical
(continued...)

B. Claims for Monetary and Equitable Relief

Although Petitioner primarily seeks habeas relief, *i.e.*, release from incarceration, he also seeks monetary damages, which are not recoverable in a habeas action.[7] "If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). *See also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.") (quotation omitted). Although the Court liberally construes Plaintiff's pro se pleadings, the petition cannot be read as asserting a claim concerning conditions of confinement. In any event, Plaintiff is aware of the avenue for pursuing a civil rights action seeking monetary damages, as he has recently filed such actions

---

[6](...continued)
circumstances where an application for direct appeal out of time is denied by the Oklahoma courts, [the appeal out-of-time] proceedings can, at most, only toll the [§2244(d)(1)] statute of limitations." *Id.* Under either circumstance, it is not clear that the statute of limitations will have run should Petitioner file another federal habeas petition after exhausting his state court remedies.

[7]The undersigned notes that Plaintiff states he is pursuing monetary damages "for CIV-07-816-M," for "juvenile & medical & corporal punish[ment.]" Petition, p. 6. In this regard, Plaintiff appears to be referring to one the § 1983 cases he has filed in this Court.

in this Court, as noted *supra*.[8]  Moreover, the petition cannot be read as asserting the violation of any federal right. *See Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002) (under § 1983, a plaintiff "must establish . . . a violation of rights protected by the federal Constitution or created by federal statute or regulation.") (internal quotation marks omitted).  Accordingly, the undersigned finds that Plaintiff's request for monetary damages fails to state a cognizable habeas claim and the Court should not recharacterize his claims as claims pursuant to § 1983.[9]  *See generally Richards v. Bellmon*, 941 F.2d 1015, 1018 n.3 (10th Cir. 1991) ("to construe this complaint as arising under § 1983 and § 2254 borders on advocacy").

Likewise, Petitioner's request for criminal prosecution of state and city officials, including the former district attorney in the district in which he was convicted fails to allege a cognizable claim for habeas relief, as such request does not challenge the fact and duration of his confinement or the legality of his conviction and sentence. *Preiser v. Rodriguez*, 411 U.S. at 489.  Accordingly, Petitioner is not entitled to habeas relief on his request for

---

[8]Petitioner has filed a document in this action titled "Criminal Life Endangerment," in which he makes assertions similar to those made in the two § 1983 actions, as previously discussed. [*See* Doc. No. 5].  For example, Petitioner complains of "[a]lienation of affection," "termination of parental rights," "unlawful and unwarranted abduction of [his] children," and an "unconstitutional no contact order imposed on [his] wife against [Petitioner]." Petitioner has filed this action as a § 2254 habeas action and these claims have been the subject of his § 1983 complaints. Therefore, this document has not been considered in screening the instant habeas petition under Rule 4.

[9]Insofar as Plaintiff seeks damages based on various claims related to his Oklahoma County criminal convictions, he has no cause of action under § 1983 until he obtains relief from the sentence.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1984) (to recover damages for unconstitutional imprisonment, prisoner must show that conviction or sentence has been invalidated).

monetary damages and criminal prosecution of state and city officials.

In sum, to the extent Petitioner is challenging the validity of his convictions in Case Nos. CF-2005-2434, CF-2005-4035, and CF-2005-5489, he has not exhausted available remedies. Additionally, to the extent Petitioner's claims seek damages, he must bring such claims in a § 1983 civil rights action after such convictions and sentences have been invalidated.

## **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be dismissed without prejudice. Petitioner is advised of his right to object to this Report and Recommendation by the 7th day of August, 2008, in accordance with 28 U.S.C. § 636 and LCvR 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 18th day of July, 2008.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE